McIlvaine, J.
The principal objection urged by the plaintiff in error against the judgments below is, that the issue-of fact tendered by his answer in this case is not the same issue, or involved in the issue, tried between the same parties in the Winner suit. That the issue in that case was fraud! in this, mistake. That the issue of mistake could not have been tendered in the former suit, because it would have-been inconsistent with the plea of fraud, and, therefore, it is-claimed that the court, in the former action, having found. *405 ■that fraud did not exist, it is competent to show in this case that- a mutual mistake did exist.
The answer to this argument is that the real issue in the former action was as to the validity of the written contract and note, and the same issue was tendered below. "Where ■a person seeks, by action, to cancel an alleged invalid agreement, he is bound to allege every existing ground which affects its validity, and if two or more supposed grounds be inconsistent, so that, under the rules of pleading, but one can be alleged, he must elect between them at his peril; for, after final judgment upou the question—to •wit, the validity of the agreement—the maxim applies, nemo debet bis vexari pro una et eadem causa.
If the fraud alleged against the note in the former suit was inconsistent with the mistake alleged nowq they are inconsistent still, and if, by the rules of pleading, the mistake could not have been joined with the fraud in the former suit, the election of the party to rely upon the allegation of fraud in that case, estops him from setting up the allegation of mistake in this case.
It is claimed that this ruling deprives a party of a valid -defense. If so, why? It is admitted that'if these grounds ■could have been united in the former suit, the defendant would be without remedy, simply because he failed to set up the mistake. Suppose the former adjudication had not taken place, and in this action for a judgment on the note fraud only had been pleaded, for the reason that the two ■defenses could not be joined. What then would have become of the valid defense of mutual mistake, after the defense of fraud had been adjudged invalid? It would most clearly be lost, simply because the defendant elected to rely ■on a false, instead of a good defense. The supposed hard.ship results from the fact that the party having made a false defense, deprived himself of a good one.
The contract and note being valid, of course the alleged failure of consideration, etc., by reason of the sale of the laud in the foreclosure suit, can not avail the defendant.

Motion overruled.